UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MCKEE, individually,
and on behalf of all those
similarly situated,

    Case No.
    Hon.

    Plaintiff,

v

    **CLASS REPRESENTATION**

NAVIENT SOLUTIONS, INC.
f/k/a SALLIE MAE, INC., a foreign
corporation,

    Defendant.

___

R. Christopher Cataldo (P39353)
Jaffe, Raitt, Heuer & Weiss, PC
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com

___

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff, NANCY MCKEE, individually, and on behalf of all those similarly situated, brings this action against Defendant, NAVIENT SOLUTIONS, INC., formerly known as SALLIE MAE, Inc., and states:

### Nature of the Action

1.    This is an action asserting class action claims for damages, and other

legal remedies against NAVIENT SOLUTIONS, INC. ("NAVIENT") for negligently, knowingly, and/or willfully contacting Plaintiff and members of the Class on their cellular telephones without their prior express consent pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. NAVIENT, formerly known as SALLIE MAE, is no stranger to litigation regarding violations of the TCPA. In 2012 and 2013, NAVIENT – then known as SALLIE MAE – entered into two separate multimillion dollar settlements resulting from nationwide class action claims brought in United States District Courts in Washington and Illinois and alleging SALLIE MAE's TCPA violations over a combined eight (8) year period.[1] *See, infra.*

3. Rather than make the necessary corporate changes to comply with the TCPA, NAVIENT continues to flagrantly disregard this federal statute, to the detriment of Plaintiff and members of the Class.

## Parties, Jurisdiction, and Venue

4. Plaintiff, NANCY MCKEE is, and at all times material hereto was, a resident and citizen of Wayne County, Michigan.

5. Plaintiff is the regular user and carrier of the cellular telephone number at issue, and was the called party and recipient of Defendant's hereafter described calls.

---

[1] *See Arthur v. Sallie Mae, Inc.*, No. 10-00198 (W.D. Wa. Feb. 2, 2010); *Cummings v. Sallie Mae, Inc.*, No. 12-9984 (N.D. Ill. Dec. 14, 2012).

6. SALLIE MAE is a Delaware corporation that maintains its corporate headquarters in Reston, Virginia. SALLIE MAE holds a certificate of authority to transact business in Michigan, is registered to transact business in Michigan, and is incorporated as a foreign corporation in Michigan.

7. In 2014, SALLIE MAE split into two publicly traded entities: a consumer banking business and a newly named loan management, servicing, and asset record business, NAVIENT Solutions, Inc.[2]

8. NAVIENT – like its predecessor SALLIE MAE – is a Delaware corporation with its corporate headquarters in Reston, Virginia. As such, NAVIENT is a citizen of Delaware and Virginia. NAVIENT holds a certificate of authority to transact business in Michigan, and transacts business in this District.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $5,000,000, and because this is a class action in which Plaintiff, NANCY MCKEE, is a citizen of Michigan, a state different from Defendant, NAVIENT. Moreover, Plaintiff has alleged a nationwide class with more than 100 members, which will result in at least one Class member with citizenship in a different state than that of Defendant.

10. This Court also has federal question jurisdiction under 47 U.S.C. §227 stemming from violations of the Telephone Consumer Protection Act.

---

[2] *See* https://www.salliemae.com/about/who-we-are/history/.

3

2996414.1

11. Venue for this action is proper in this Court because Defendant, NAVIENT, holds a certificate of authority to transact business in Michigan, is registered to transact business in Michigan, and is incorporated as a foreign corporation in Michigan. Additionally, a substantial portion of the wrongdoing alleged in this Complaint took place in this District.

12. Venue is also proper in this District because Plaintiff MCKEE has resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to the claims occurred in this District.

**Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227**

13. The TCPA, in relevant part, makes it unlawful for any person "to make any call using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A).

14. Further, the TCPA specifically prohibits autodialed and prerecorded messages calls to a cellular telephone service without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

15. For each violation of the TCPA, a person or entity is afforded a private right of action to seek both injunctive relief and monetary damages. 47 U.S.C. § 227(c)(5).

**NAVIENT's Past Violations of the TCPA**

16. On September 17, 2012, the United States District Court for the

4

2996414.1

Western District of Washington approved a nationwide settlement in a class action case in which the Plaintiff detailed SALLIE MAE's nearly 5-year practice of violating the TCPA. *See Arthur v. SALLIE MAE, Inc.*, No. 10-00198 (W.D. Wa. Sept. 17, 2012) (Settlement Order and Final Judgment).

17. In *Arthur*, the settlement with SALLIE MAE over TCPA violations included a settlement fund for plaintiffs and the class in the amount of $24,150,000.

18. In 2013, plaintiffs in the United States District Court for the Northern District of Illinois filed a class action against SALLIE MAE alleging nationwide claims of TCPA violations, which occurred on or after the class period expired in *Arthur* (September 15, 2010). *See Cummings v. Sallie Mae, Inc.*, No. 12-9984 (N.D. Ill. Oct. 16, 2013) (Amended Complaint).

19. On May 30, 2014, the Northern District of Illinois Court approved a class action settlement against SALLIE MAE, defining the settlement class as including "approximately 251,000 persons who SALLIE MAE has identified in available records as possibly having been called from September 15, 2010 through, and including [ December 12, 2013]". *Id.* at ECF 73 (Dec. 12, 2013).

20. Despite the substantial settlements in both *Arthur* and *Cummings* relating to allegations of TCPA violations over an **eight year period**, Defendant continues to violate the TCPA.

## Facts

21. Plaintiff MCKEE received calls from Defendant on her cellular telephone including calls on September 9, 2014, and September 17, 2014. These telephone calls from Defendant were an attempt to collect a debt relating to Plaintiff's daughter. In both instances, voicemails were left on Mrs. MCKEE's cellular phone voicemail indicating that the calls were from "SALLIE MAE," and were sent from telephone number (317) 348-9960.

22. Upon information and belief, each call the Defendant made to Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(b)(1)(A).

23. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was for non-emergency purposes and in the absence of Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A).

## Class Action Allegations

24. Pursuant to Fed. R. Civ. P. 23, Plaintiff hereby brings Counts I and II of this action on her own behalf and on behalf of all those similarly situated persons who received cellular telephone calls placed by Defendant using an automatic telephone dialing system and without the express permission of Plaintiff

2996414.1

and the Class, in violation of 47 U.S.C. § 227(b)(1)(A).

25. As used herein, the "class" consists of and is defined as follows:

> All persons within the United States who received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice on or after December 13, 2013. Excluded from this class are persons who provided their express permission for Defendant to contact them on their cellular phones or who have released all of their claims as a result of the class settlements in *Arthur v. Sallie Mae* and *Cummings v. Sallie Mae*.

26. The Plaintiff reserves the right to amend the class definition as discovery proceeds and to conform to the evidence.

27. While the exact number of Class Members is unknown at this time, Plaintiff submits that there are thousands of persons nationwide who have been harmed by the practices of Defendant.

28. The number of Class Members are so numerous that separate joinder of each member is impracticable.

29. This action poses questions of law and fact that are common to and affect the rights of all members of the Class. Such questions of law and fact common to the Class include but are not limited to the following:

> (a) Whether Defendant made nonemergency calls to Plaintiff's and Class Members' cellular phones using an "automatic telephone dialing system" or "artificial or prerecorded voice";

7

2996414.1

(b) Whether Defendant had prior express permission to contact Plaintiff and the other members of the Class when it made calls to their cell phones using an automatic telephone dialing system or artificial or prerecorded voice;

(c) Whether Defendant's conduct was knowing and/or willful;

(d) Whether Plaintiff and the Class are entitled to injunctive relief to require the Defendant to cease and desist from continuing to violate the TCPA; and

(e) Whether the Plaintiff and the Class are entitled to damages for Defendant's violations of the TCPA.

30. Based upon the facts and legal claims or questions of law set forth herein, Plaintiff's claims are typical of the claims of the Class because there is a sufficient relationship between the injuries suffered by Plaintiff and the Class as a result of the Defendant's conduct, and Plaintiff has no interest adverse to the interests of the other Class members. Defendant violated the TCPA by causing the cellular telephone number of each member of the Class, including Plaintiff, to be called using an automatic telephone dialing system and/or prerecorded voice message without prior express permission.

31. The Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained undersigned counsel who are experienced and competent in prosecuting Class actions over the last twenty (20) years. As a result, the undersigned attorneys are qualified and experienced in Class action litigation and will adequately protect the interests of the Class.

32. A Class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    A. Absent a Class, the Class Members will continue to suffer damages and Defendant's unlawful conduct will continue without remedy;

    B. Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant has committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    C. When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

    D. This action presents no difficulty that would impede its management by the Court as a Class action which is the best available means by which Plaintiff and Class members can seek redress for the harm caused to them by Defendant.

33. Pursuant to Fed. R. Civ. P. 23(b)(2) Defendant has acted on grounds generally applicable to all Class members thereby making final injunctive relief concerning the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered, particularly in light of Defendant's continuing violations despite its involvement

2996414.1

in prior litigation for the same violative conduct.

## Count I – Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

34. Plaintiff realleges and incorporates by reference paragraphs 1 – 33, above.

35. Defendant caused placement of non-emergency telephone calls to the wireless telephone numbers of Plaintiff and the members of the Class using an automatic telephone dialing system or prerecorded or artificial voice without their prior express consent in violation of 47 U.S.C. § 277(b)(1)(A)(iii).

36. As a result of Defendant's conduct and pursuant to 47 U.S.C. § 227(b)(3)(B), Plaintiff and the Class suffered actual damages and are each entitled to a minimum of $500.00 in damages for each such violation.

37. Plaintiff and the Class are also entitled to and do seek injunctive relief against Defendant for future violations of the TCPA, as well as attorneys' fees.

## Count II – Knowing and/or Willful Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the Class)

38. The Plaintiff realleges and incorporates by reference paragraphs 1 – 37, above.

39. Defendant knowingly and/or willfully caused placement of non-emergency telephone calls to the wireless telephone numbers of Plaintiff and the

2996414.1

members of the Class using an automatic telephone dialing system or prerecorded or artificial voice without their prior express consent in violation of 47 U.S.C. § 277(b)(1)(A)(iii).

40. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and the Class suffered actual damages and are each entitled to treble damages of up to $1,500.00 for each such violation, pursuant to 47 U.S.C. § 227(b)(3).

41. Plaintiff and the Class are also entitled to and do seek injunctive relief against Defendant for future violations of the TCPA, as well as attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests this Honorable Court to award the following relief against the Defendant:

a. Issue an order certifying that Counts I and II are properly maintainable as a Class action under Fed. R. Civ. P. 23, and appointing the Plaintiff to represent the Class defined herein, and appointing the undersigned law firms as Class Counsel;

b. Issue an order granting a temporary and/or permanent injunction requiring the Defendant to cease and desist from continuing to violate 47 U.S.C. § 227(b)(1);

    c. Issue an order awarding Plaintiff and Class members damages representing Defendant's statutory violations of 47 U.S.C. § 227(b)(1), in the amount of $500.00 for each and every call that violated the TCPA;

    d. Issue an order awarding Plaintiff and Class members damages representing Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), in the statutory amount of $1,500.00 for each and every call that violated the TCPA;

    e. Issue an order requiring the Defendant to pay the Plaintiff and Class members their reasonable attorneys' fees and costs; and

    f. Grant such other relief as this Honorable Court deems appropriate.

### **Demand for Jury Trial**

The Plaintiff, on behalf of herself and all others similarly situated who may join this action, hereby demands a trial by jury on all the issues so triable as a matter of right.

                                        Respectfully Submitted,

                                        /s/ R. Christopher Cataldo  
                                        R. Christopher Cataldo (P39353)  
                                        Jaffe, Raitt, Heuer & Weiss, PC  
                                        Attorneys for Plaintiff  
                                        27777 Franklin Rd., Ste. 2500  
                                        Southfield, MI 48034  
Dated: January 22, 2015          (248) 351-3000  
                                        ccataldo@jaffelaw.com

2996414.1