UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| NANCY MCKEE,<br>individually, and on behalf of all those<br>similarly situated,<br><br>      Plaintiff,<br><br>vs.<br><br>NAVIENT SOLUTIONS, INC.<br>f/k/a SALLIE MAE, INC., a foreign<br>corporation,<br><br>      Defendant. | Case No. 2:15-cv-10248-DML-EAS<br>Hon: David M. Lawson<br><br>CLASS REPRESENTATION |

_____

R. Christopher Cataldo (P39353)
**JAFFE, RAITT, HEUER & WEISS, PC**
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com

Timothy J. Sostrin
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
(312) 726-1092
sostrin@keoghlaw.com

Tod Aronovitz
**ARONOVITZ LAW**
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 2630
Miami, FL 33131
(305) 372-2772
ta@aronovitzlaw.com

_____

**PLAINTIFF'S MOTION IN SUPPORT OF AWARD OF
<u>ATTORNEY'S FEES AND EXPENSES TO CLASS COUNSEL</u>**

Plaintiff, Nancy McKee, moves this Honorable Court for the entry of an Order awarding reasonable attorney's fees and costs pursuant to the provisions of Fed. R. Civ. P. 68.

In order to kill this putative class action and escape massive liability, Defendant Navient Solutions, Inc. f/k/a Sallie Mae, Inc. ("Navient") served Plaintiff with an offer of judgment that could arguably moot Plaintiff's individual claim and require dismissal of the putative class claims as well. *See Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993).

Navient resorted to this tactic because this action, were it to proceed, would establish that Navient continues to violate the Telephone Consumer Protection Act (47 U.S.C. § 227) despite *two* prior class actions that together required Navient to pay over $33,000,000 to the benefit of the class. *See Arthur v. SALLIE MAE, Inc.*, No. 10-00198 (W.D. Wa.); *Cummings v. Sallie Mae, Inc.*, No. 12-9984 (N.D. Ill.) Rather than risk liability on that scale yet again, Navient offered Mrs. McKee thousands of dollars more than she would have received as an individual had the case proceeded to pretrial settlement or trial, and thus threatened dismissal of the putative class claims for mootness. Rather than risk that outcome and the sanctions imposed by Rule 68 for the rejection of complete offers of relief, Plaintiff accepted the offer of judgment. *Doc. 20*.

The offer of judgment states that Navient:

> "hereby offers to allow judgment to be taken against it in this action in favor of the individual plaintiff Nancy McKee ("McKee") for $12,001.00 (twelve thousand one dollars), plus an additional amount for reasonable attorneys' fees and costs incurred by McKee related solely to her individual claim.  Such fees and costs shall be in an amount mutually agreed upon by Mckee and [Navient], or if they are unable to agree, as determined by the Court upon Motion."

*Doc. 20* at ex. A.  The parties were unable to agree.  Plaintiff now moves for an award of reasonable attorneys' fees and costs pursuant to Rule 68.

## BRIEF IN SUPPORT OF MOTION

Issue Presented:  The amount of Reasonable Attorney's Fees and Costs that Defendant Navient must pay to plaintiff in accordance with its offer of judgment.

Controlling Authorities:  *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824 (6th Cir. 2005); *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000); *Purtle v. Eldridge Auto Sales*, 91 F.3d 797, 802 (6th Cir. 1996).

## Case Overview

Starting in the Fall of 2014, after being contacted by Mrs. Nancy McKee, counsel diligently commenced fact investigation and legal research of a prospective TCPA case to be filed against Navient Solutions, Inc. f/k/a Sallie Mae, Inc. ("Navient").  The presuit investigation included an in-person interview of Mrs. McKee, detailed analysis of the business practices of Defendant to determine if there was indeed a TCPA violation that adversely impacted the Plaintiff and other putative class members, and diligently performed legal research to determine the business

3

practices of Navient and its recent five (5) year history of defending wrongful telephone debt collection calling practices in class action cases across the country.

Undersigned counsel concluded that Navient had entered into two (2) national TCPA class action settlements in 2012 and 2014 which were confirmed and approved by two (2) U.S. District Court Judges. Counsel's investigation concluded that Navient had violated the rights and interests of Mrs. McKee and other class members. This nationwide consumer class action case was thereafter filed.

The TCPA, in relevant part, makes it unlawful for any person "to make any call using any automatic telephone dialing system…to any telephone number assigned to a…cellular telephone service." 47 U.S.C. § 227(b)(1)(A). Further, the TCPA specifically prohibits autodialed and prerecorded messages calls to a cellular telephone service without the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii). For each violation of the TCPA, a person or entity is afforded a private right of action to seek both injunctive relief and monetary damages. 47 U.S.C. § 227(c)(5).

On September 17, 2012, the United States District Court for the Western District of Washington approved a nationwide settlement in a class action case in which the Plaintiff detailed SALLIE MAE's nearly 5-year practice of violating the TCPA. *See Arthur v. SALLIE MAE, Inc.*, No. 10-00198 (W.D. Wa. Sept. 17, 2012) (Settlement Order and Final Judgment).

In *Arthur*, the settlement with SALLIE MAE over TCPA violations included

a settlement fund for plaintiffs and the class in the amount of $24,150,000.

In 2013, plaintiffs in the United States District Court for the Northern District of Illinois filed a class action against SALLIE MAE alleging nationwide claims of TCPA violations, which occurred on or after the class period expired in *Arthur* (September 15, 2010). *See Cummings v. Sallie Mae, Inc.*, No. 12-9984 (N.D. Ill. Oct. 16, 2013) (Amended Complaint).

On May 30, 2014, the Northern District of Illinois Court approved a class action settlement against SALLIE MAE, defining the settlement class as including "approximately 251,000 persons who SALLIE MAE has identified in available records as possibly having been called from September 15, 2010 through, and including [ December 12, 2013]". *Id.* at Doc. 73 (Dec. 12, 2013). Despite the substantial settlements in both *Arthur* and *Cummings* relating to allegations of TCPA violations over an **eight year period**, Defendant continues to violate the TCPA.

Plaintiff, Mrs. McKee, received calls from Defendant on her cellular telephone including calls on September 9, 2014, and September 17, 2014. These telephone calls from Defendant were an attempt to collect a debt relating to Plaintiff's daughter. In both instances, voicemails were left on Mrs. McKee's cellular phone voicemail indicating that the calls were from "SALLIE MAE," and were sent from telephone number (317) 348-9960.

Each call the Defendant made to Plaintiff was made using an "automatic

5

telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. § 227(b)(1)(A). Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was for non-emergency purposes and in the absence of Plaintiff's prior express consent, in violation of 47 U.S.C. § 227(b)(1)(A).

> Plaintiff's complaint defined the putative class as follows:
>
> All persons within the United States who received a non-emergency telephone call from Defendant to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice on or after December 13, 2013. Excluded from this class are persons who provided their express permission for Defendant to contact them on their cellular phones or who have released all of their claims as a result of the class settlements in *Arthur v. Sallie Mae* and *Cummings v. Sallie Mae*.

This case was filed on January 22, 2015 and was originally assigned to the U.S. District Court Judge Sean Cox and thereafter assigned to U.S. District Court Judge David Lawson. Plaintiff's counsel diligently litigated this case in compliance with all court ordered deadlines. The legal services performed by Plaintiff's counsel are detailed in the Declarations of Tod Aronovitz (Exhibit "A"), R. Christopher Cataldo (Exhibit "B") and Keith Keogh (Exhibit "C") attached hereto.

Counsel for Plaintiff have itemized and explained in Exhibits "A", "B", and "C" their commitment to the case and describe the legal services performed and costs incurred in prosecuting this consumer class action case. As stated herein, Plaintiff's

6

counsel vigorously prosecuted this case with the belief that an order granting class certification would be entered. The Offer of Judgment offered Mrs. McKee thousands of dollars more than she would have received had the case proceeded to pretrial settlement or trial. The generous Offer of Judgment was made by the same corporation that had spent the past five (5) to eight (8) years defending the very same allegations of a national practice of wrongful telephone collection conduct. Navient's strategic ploy succeeded.

On July 15, 2015 Defendant filed an Offer of Judgment which was discussed between Plaintiff's counsel and Mrs. McKee. Plaintiff did in fact accept the Offer of Judgment.

## Law and Argument

**A.  Navient Must Pay Reasonable Attorneys' Fees and Costs**

Plaintiff's acceptance of the offer of judgment requires Navient to pay reasonable attorneys' fees and costs because the acceptance binds Navient to its offer to do so. *See Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824 (6th Cir. 2005) ("we should apply general contract principles to interpret Rule 68 offers of judgment"); *see also Malone v. Portfolio Recovery Associates*, 2015 U.S. Dist. LEXIS 103575, *13 (E.D. MI 2015).

Thus, Navient must pay Plaintiff's reasonable attorney's fees and costs even though the TCPA is not a fee shifting statute. *See Barech v. City of Portland*, 2015 U.S. Dist. LEXIS 25398, *9  (D. Ore. 2015) ("Here, the plain language of the Offer

7

of Judgment suggests the City agreed to pay for Barech's reasonable attorney fees incurred in conjunction with all seven of his claims, and not attorney fees incurred pursuing only those claims brought under statutes which allow recovery of attorney fees."); *Tijerina v. Bommarito Pontiac South, Inc.*, 2013 U.S. Dist. LEXIS 177622, *4 (E.D. Mo. 2013) ("when defendant agreed to pay the reasonable attorneys' fees in this case, it waived any right it might have had to argue that the bankruptcy law precludes an award of fees.")

### B.     The Court Should Award Attorneys' Fees Pursuant to Lodestar

The starting point for a calculation of reasonable attorney's fees "should be the determination of the fee applicant's 'Lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his [or her] court-ascertained reasonable hourly rate." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000), *citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Lodestar amount determined by the Court enjoys a "strong presumption" that the fee "represents a 'reasonable' fee." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Attorney's fees are not limited by the amount of recovery, especially in consumer cases such as this one where attorneys' fees can quickly surpass the Plaintiff's damages. *Purtle v. Eldridge Auto Sales*, 91 F.3d 797, 802 (6th Cir. 1996). An award of attorneys' fees in consumer cases should provide compensation which

is commensurate with other types of cases in order encourage counsel to undertake them. *Zagorski v. Midwest Billing Services*, 128 F.3d 1164, 1167 (7th Cir. 1997).

**C.     Counsel's Hourly Rates and Hours Expended are Reasonable**

The attached declarations establish the reasonableness of counsel's hourly rates, which average $397 per hour. Counsel took this matter on a contingent fee basis and thus faced significant risk of nonpayment for their work. *Exhibit A* at ¶ 14. Counsel have proven success in consumer class action litigation, including litigation under the TCPA. Tod Aronovitz has served as President of the Florida Bar, and was selected to be a member of the National Association of Distinguished Counsel. *Exhibit A at ex. 1*. His firm recently won the title of Best Florida Firm for Class Action Litigation. *Id*. Attorneys Keith Keogh and Timothy Sostrin have been at the forefront of TCPA litigation throughout the country. Keith Keogh was class counsel in the two largest TCPA settlements in history. *See Hageman v. AT&T Mobility LLC, et al.*, Case 1:13-cv-00050-DLC-RWA (D. MT.) (Co-Lead) (Final Approval Granted February 11, 2015 providing for a $45 million settlement for a class of 16,000 persons) and *Capital One Telephone Consumer Protection Act Litigation, et al.*, 12-cv-10064 (N.D. Ill.) (Liaison Counsel and additional Class Counsel)(Final Approval Granted February 12, 2015 for a $75 million settlement). Keogh Law was also appointed class counsel in one of the previous class actions against Navient. *See Cummings v. Sallie Mae, Inc.,* No. 12-9984 (N.D. Ill.)

9

According to the State Bar of Michigan Law Practice 2014 survey, the upper quartile of attorneys practicing consumer law in Michigan had a rate of at least $400 per hour, and the upper 5% had a rate of at least $500 per hour. *See 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report*, State Bar of Michigan at Table 7 (January 2014).[1]  Similarly, the upper quartile of attorneys practicing in downtown Detroit had a rate of at least $400 per hour and the upper 5% had a rate of at least $550 per hour. *Id* at Table 6.  The proven success of counsel in complex consumer class actions, including the two largest TCPA settlements in history, justify their rates in these high percentiles for this TCPA class action.

The attached declarations also establish that the hours expended on this matter were reasonable.  This was a complex action concerning technical and highly specialized matters of substantive and procedural class action law.  Among other things, Counsel retained and conferred with an expert to analyze documents and data produced by Navient on an ongoing basis, reviewed thousands of pages of documents, and conducted and defended numerous depositions. *Exhibit A* at ¶ 12.

## Conclusion

WHEREFORE, counsel for Plaintiff state that this case was diligently researched and litigated with an eye to proceed to have a national class certified. Counsel accepted representation and expected to achieve class action status. The

---

[1] Available at http://www.michbar.org/file/pmrc/articles/0000151.pdf.

Rule 68 Offer of Judgment made by Navient sought to "pick off" Plaintiff McKee and thereby avoid the scrutiny of a Third District Judge in the past three (3) years from reviewing the telephone collection practices of Navient. Navient should not be rewarded for its conduct by reducing the legal fee and costs of capable attorneys who accepted and litigated this national consumer class action case on a contingent fee basis. Counsel seek just compensation for their diligent efforts performed on behalf of Mrs. McKee and the putative class.

### CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)

I hereby certify that the parties have made a good faith effort to reach a concurrence on the relief sought in this motion. The parties were unable to reach an agreement regarding the amount of attorneys' fees and costs.

DATED: August 28, 2015

Respectfully submitted,

By: /s/ Timothy J. Sostrin
Timothy J. Sostrin (IL Bar: 6290807)
sostrin@keoghlaw.com
Keith Keogh
Keith@keoghlaw.com
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
(312) 726-1092 Telephone
(312) 726-1093 Facsimile

Tod Aronovitz

ta@aronovitzlaw.com
**ARONOVITZ LAW**
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 2630
Miami, FL 33131
(305) 372-2772 Telephone
(305) 397-1886 Facsimile

R. Christopher Cataldo (P39353)
ccataldo@jaffelaw.com
**JAFFE, RAITT, HEUER & WEISS, PC**
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000 Telephone
(248) 351-3082 Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following Service List.

/s/ Timothy J. Sostrin
KEOGH LAW, LTD
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
(312) 726-1092 Telephone
(312) 726-1093 Facsimile
tsostrin@keoghlaw.com
IL Bar: 6290807

12

## SERVICE LIST
### Nancy McKee vs. Navient Solutions., et al.
### Case No. 2:15-cv-10248-DML-EAS
### Hon: David M. Lawson

**Attorneys for Plaintiff
and Proposed Class:**

R. Christopher Cataldo (P39353)
ccataldo@jaffelaw.com
**JAFFE, RAITT, HEUER & WEISS, PC**
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
Telephone: (248) 351-3000
Facsimile:  (248) 351-3082

Tod Aronovitz
ta@aronovitzlaw.com
**ARONOVITZ LAW**
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL  33131
Telephone: (305) 372-2772
Facsimile:  (305) 397-1886

Timothy J. Sostrin
sostrin@keoghlaw.com
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
Telephone: (312) 726-1092
Facsimile:  (312) 726-1093

**Attorneys for Defendant,** *Navient Solutions, Inc. f/k/a Sallie Mae, Inc.*

Lisa M. Simonetti
lsimonetti@vedderprice.com
**VEDDER PRICE (CA), LLP**
Attorneys for Defendant
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:  (424) 204 7700
Facsimile:   (424) 204-7702

Jeffrey G. Collins (P37260)
jcollins@collinslegal.net
**COLLINS & COLLINS P.C.**
1323 Broadway, Suite 800
Detroit, MI 48226
Telephone: (313) 963-2303

13