UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

NANCY MCKEE,
individually, and on behalf of all those
similarly situated,

    Plaintiff,

vs.

NAVIENT SOLUTIONS, INC.
f/k/a SALLIE MAE, INC., a foreign
corporation,

    Defendant.

Case No. 2:15-cv-10248-DML-EAS
Hon: David M. Lawson

CLASS REPRESENTATION

_____

R. Christopher Cataldo (P39353)
**JAFFE, RAITT, HEUER & WEISS, PC**
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
(248) 351-3000
ccataldo@jaffelaw.com

Timothy J. Sostrin
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
(312) 726-1092
sostrin@keoghlaw.com

Tod Aronovitz
**ARONOVITZ LAW**
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 2630
Miami, FL 33131
(305) 372-2772
ta@aronovitzlaw.com

_____

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF
DEFENSE COUNSEL'S BILLING RECORDS AND EXTEND DEADLINE
FOR PLAINTIFF' REPLY IN SUPPORT OF HER MOTION FOR
ATTORNEY'S FEES AND EXPENSES**

Plaintiff, Nancy McKee, moves this Honorable Court for the entry of an Order compelling Navient Solutions, Inc. ("Navient") to produce its counsel's billing records for this case, which are relevant to rebut the arguments that Navient made in opposition to Plaintiff's Motion for Attorney's Fees and Expenses (Doc. 25) ("Fee Petition"). Plaintiff also requests that the Court extend the deadline for Plaintiff's reply brief in support of the Fee Petition to the date that is ten days after the production of Navient's counsel's billing records.

## BRIEF IN SUPPORT OF MOTION

<u>Issue Presented</u>: Whether Navient should produce its counsel's billing records for this case.

<u>Authorities</u>: *Black v. Lojac Enters.*, 1997 U.S. App. LEXIS 17205, *13 (6th Cir. 1997); *Pollard v. E.I. DuPont De Nemours & Co.*, 2004 U.S. Dist. LEXIS 6345 (W.D. Tenn. Feb. 24, 2004); *Davis v. Fidelity Techs. Corp.*, 180 F.R.D. 329 (W.D. Tenn. June 3, 1998); *Mitroff v. Xomox Corp.*, 631 F. Supp. 25, 28 (S.D. Ohio 1985); *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 930 (S.D. Ohio 2004).

## Background

In order to kill this putative class action and escape massive liability, Defendant Navient Solutions, Inc. f/k/a Sallie Mae, Inc. ("Navient") served Plaintiff with an offer of judgment that could arguably moot Plaintiff's individual

claim and require dismissal of the putative class claims as well. *See Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993).

Navient resorted to this tactic because this action, were it to proceed, would establish that Navient continues to violate the Telephone Consumer Protection Act (47 U.S.C. § 227) despite *two* prior class actions that together required Navient to pay over $33,000,000 to the benefit of the class. *See Arthur v. Sallie Mae, Inc.*, No. 10-00198 (W.D. Wa.); *Cummings v. Sallie Mae, Inc.*, No. 12-9984 (N.D. Ill.) Rather than risk liability on that scale yet again, Navient offered Mrs. McKee thousands of dollars more than she would have received as an individual had the case proceeded to pretrial settlement or trial, and thus threatened dismissal of the putative class claims for mootness. Rather than risk that outcome and the sanctions imposed by Rule 68 for the rejection of complete offers of relief, Plaintiff accepted the offer of judgment. *Doc. 20.*

Pursuant to the offer of judgment, Plaintiff moved for an award of attorneys' fees and costs on August 28, 2015. *Doc. 25.*  In its opposition brief (*Doc. 27*), Navient argues that Plaintiff's counsel engaged in "excessive and inappropriate billing," (*id.* at p. 17), that Plaintiff seeks fees for a "staggering number of hours" (*id.* at p. 14), that "it is inconceivable that [Plaintiff's] counsel . . . could have spent this amount of time on legitimate litigation efforts" (*id.* at p. 2), and that "the Court should be skeptical of the time spent." (*id.* at p.3).  Navient's counsel's billing records in this case are highly relevant to Plaintiff's rebuttal of these arguments.

On September 21, 2015, Plaintiff therefore requested that Navient produce its counsel's billing records. *See Exhibit 1*. The parties agreed to confer about the issue, and in the meantime, stipulated to a two week extension for Plaintiff's reply brief to allow for a possible resolution of this dispute. *Id.*; *Doc. 30 – Stipulation*. On September 30, 2015, Navient confirmed that it would not agree to produce its billing records. *Exhibit 2*. Plaintiff files this motion as a result.

## Law and Argument

**A.     Navient's Counsel's Billing Records for this Case are Relevant to Rebut Navient's Arguments against Plaintiff's Fee Petition**

Courts within the Sixth Circuit have repeatedly ruled that the amount of time billed by a party opposing a fee petition is relevant to determining whether the petitioner's fees are reasonable. As the 6th Circuit stated in *Black v. Lojac Enters.*, "undoubtedly, where the issue of the reasonableness of the time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required." 1997 U.S. App. LEXIS 17205, * 13 (6th Cir. 1997), *citing Mitroff v. Xomox Corp.*, 631 F. Supp. 25, 28 (S.D. Ohio 1985) ("Pertinent to any consideration of a reasonable amount of time expended in the prosecution of a law suit is the amount of time expended by the defendant in defending that law suit."); *Mann v. Acclaim Fin. Servs.*, 348 F. Supp. 2d 923, 930 (S.D. Ohio 2004) ("the amount of time expended on the case by Acclaim's counsel suggests that the amount of time expended by Plaintiff's counsel is reasonable.");

*see also Stastny v. Southern Bell Tel. & Tel. Co.*, 77 F.R.D. 662, 663-64 (W.D.N.C. 1978) ("In a contest over what time was reasonably and necessarily spent in the preparation of a case, it is obvious that the time that the opposition found necessary to prepare its case would be probative.")

As described above, Navient argues that the time Plaintiff's counsel spent in this case was excessive and unreasonable. When faced with virtually identical arguments, courts within the Sixth Circuit and elsewhere[1] have compelled the party opposing the fee petition to produce its own counsel's billing records, finding the records to be relevant to the argument that the fees requested are excessive and unreasonable. For instance, in *Pollard v. E.I. DuPont De Nemours & Co.*, 2004 U.S. Dist. LEXIS 6345 (W.D. Tenn. Feb. 24, 2004), the defendant DuPont opposed the plaintiff's fee petition, arguing "that the fee petition includes hours that are 'patently excessive, redundant, or unnecessary.'" *Id.* at * 9. The plaintiff moved to compel DuPont's counsel's billing records and the Court ordered their production, holding that DuPont's billing records "would serve as a logical yardstick from which to determine the reasonableness of such time expended by the plaintiff's counsel" *Id.*

Similarly, in *Davis v. Fidelity Techs. Corp.*, 180 F.R.D. 329 (W.D. Tenn. June 3, 1998), the defendant Fidelity objected to Plaintiff's request for fees and

---

[1] Some jurisdictions *require* a party opposing a fee petition to produce its own counsel's billing records. *See* Local Rule 54.3(d)(5) (N.D. Illinois).

expenses on the grounds that the "plaintiff's request includes unnecessary and excessive charges." *Id.* at 331. The plaintiff moved to compel Fidelity's billing records and the Court granted the motion, holding that "Fidelity's attorney fee statements could be relevant to responding to portions of the first objections that plaintiff's fee request includes unnecessary and excessive charges." *Id.* at 332.

The same result was reached in *Murray v. Stuckey's Inc.*, 153 F.R.D. 151 (N.D. Iowa 1993). In *Murray*, the defendants "resisted plaintiffs' fee claim both on the basis of the number of hours claimed and the hourly rate applied." *Id.* at 152. The Court held that "both the number of hours devoted to the case by defendants' attorneys and their hourly rates . . . are relevant to plaintiffs' attorney fee claim" and ordered that "the hours expended by all attorneys, including in house counsel for the defendants, must be disclosed." *Id.* at 153; *see also Stastny*, 77 F.R.D. at 664 (ordering that "the defendant must provide information as to the number of hours that each attorney (private and house counsel) spent on this case. They should also indicate on what matters the time was spent.").

Likewise, in *Coalition to Save Our Children v. State Bd. of Educ.*, 143 F.R.D. 61 (D. Del. 1992), the defendant Red Clay opposed the plaintiff's fee petition, arguing that "many of plaintiff's billable hours unnecessarily overlap and [that] plaintiff engaged in unnecessary work." *Id.* at 62. The plaintiff moved to compel the production of Red Clay's billing records, and the Court ordered the production, holding that "since Red Clay raised the issues of reasonableness and 'overlap' by

6

the plaintiff, the information outlined above may be helpful to plaintiff in responding to Red Clay's allegations." *Id.* at 66.

Even courts that have denied a motion to compel the opposing party's billing records have noted that the records would be relevant if the court were faced with arguments similar to those made by Navient in this case. *See Montgomery v. Kraft Foods Global, Inc.*, 2015 U.S. Dist. LEXIS 24533, *12 (W.D. Mich. March 2, 2015) ("Defendants are not arguing that Montgomery's counsel spent too much time on a particular task, for which their counsels' billing records could arguably be relevant."). As Navient repeatedly argues that the time spent by Plaintiff's counsel in this case is excessive, its own records are highly relevant to Plaintiff's rebuttal of that argument.

In response to Plaintiff's request that Navient produce its billing records, Navient objects that the entirety of its records are not relevant to Plaintiff's fee petition because its overall work was not limited to plaintiff's individual claim. *Exhibit 2*. This objection lacks merit for two reasons: First, the parties did not brief a class certification motion and Navient did not even produce any classwide discovery. Any work that Navient's counsel performed regarding class certification issues must be limited indeed. Second, the work that Navient contends it performed on class certification is still relevant to rebut Navient's contention that a portion of Plaintiff's counsel's work was also performed on the class claims rather than Plaintiff's individual claim. To the extent Navient's records identify work

7

attributable only to the class claims, those records are relevant to the pending fee petition.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that Navient produce its in-house and outside counsel's complete billing records for this case. Plaintiff further requests that her Reply brief in support of her Fee Petition be extended to the date that is ten days after the production of Navient's counsel's billing records.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(a)

I hereby certify that the parties have made a good faith effort to reach a concurrence on the relief sought in this motion. The parties were unable to reach an agreement regarding the production of Navient's counsel's billing records for this case.

DATED:  October 6, 2015            Respectfully submitted,

By: /s/ Timothy J. Sostrin
    Timothy J. Sostrin (IL Bar: 6290807)
    tsostrin@keoghlaw.com
    Keith Keogh
    Keith@keoghlaw.com
    **KEOGH LAW, LTD.**
    55 W. Monroe Street, Suite 3390
    Chicago, Il 60603
    (312) 726-1092 Telephone
    (312) 726-1093 Facsimile

        Tod Aronovitz
ta@aronovitzlaw.com
**ARONOVITZ LAW**
2 S. Biscayne Boulevard
One Biscayne Tower, Suite 2630
Miami, FL 33131
(305) 372-2772 Telephone
(305) 397-1886 Facsimile

R. Christopher Cataldo (P39353)
ccataldo@jaffelaw.com
**JAFFE, RAITT, HEUER & WEISS, PC**
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000 Telephone
(248) 351-3082 Facsimile

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following Service List.

        /s/ Timothy J. Sostrin
KEOGH LAW, LTD
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
(312) 726-1092 Telephone
(312) 726-1093 Facsimile
tsostrin@keoghlaw.com
IL Bar: 6290807

<u>**SERVICE LIST**</u>
**Nancy McKee vs. Navient Solutions., et al.**
**Case No. 2:15-cv-10248-DML-EAS**
**Hon:  David M. Lawson**

<u>**Attorneys for Plaintiff
and Proposed Class:**</u>

R. Christopher Cataldo (P39353)
ccataldo@jaffelaw.com
**JAFFE, RAITT, HEUER & WEISS, PC**
Attorneys for Plaintiff
27777 Franklin Rd., Ste. 2500
Southfield, MI 48034
Telephone: (248) 351-3000
Facsimile:  (248) 351-3082

Tod Aronovitz
ta@aronovitzlaw.com
**ARONOVITZ LAW**
One Biscayne Tower, Suite 2630
2 South Biscayne Boulevard
Miami, FL  33131
Telephone: (305) 372-2772
Facsimile:  (305) 397-1886

Timothy J. Sostrin
sostrin@keoghlaw.com
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Il 60603
Telephone: (312) 726-1092
Facsimile:  (312) 726-1093

<u>**Attorneys for Defendant,** *Navient Solutions, Inc. f/k/a Sallie Mae, Inc.*</u>

Lisa M. Simonetti
lsimonetti@vedderprice.com
**VEDDER PRICE (CA), LLP**
Attorneys for Defendant
1925 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:  (424) 204 7700
Facsimile:    (424) 204-7702

Jeffrey G. Collins (P37260)
jcollins@collinslegal.net
**COLLINS & COLLINS P.C.**
1323 Broadway, Suite 800
Detroit, MI 48226
Telephone: (313) 963-2303