UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MCKEE,

        Plaintiff,                              Case Number 15-10248

v.                                                    Honorable David M. Lawson

NAVIENT SOLUTIONS, INC.,

        Defendant.

_____/

## ORDER VACATING ORDER GRANTING MOTION TO COMPEL DISCLOSURE

This matter is before the Court on the defendant's motion for reconsideration of the Court's order granting the plaintiff's motion to compel disclosure and requiring the defendant's attorneys to produce their billing records relating to this matter. The Court has reviewed the defendant's motion and finds that it ought to be granted. The Court therefore will vacate the order directing production of the billing records.

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(h)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citations omitted). "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

In the order granting the plaintiff's motion to compel production, the Court observed that the defendant had not filed any opposition to the motion. That order was entered shortly before the close of business on October 23, 2015. However, later that same day the defendant filed a response

to the motion to compel, a motion for protective order, and a motion for reconsideration. The plaintiff's motion to compel disclosure was filed on October 6, 2015, and the certificate of service indicates that it was served on the defendants by a Notice of Electronic Filing (NEF) directed to all attorneys in the matter, which automatically was generated by the CM/ECF system. In the ordinary case, a response to a non-dispositive motion is due 14 days after service of the motion. E.D. Mich. LR 7.1(e)(2)(B). However, where service is by electronic means, an additional three days is allowed for filing of the response. Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."). The defendant's response therefore was due by midnight on October 23, 2015 — 17 days after the motion was served. Fed. R. Civ. P. 6(a)(4) ("Unless a different time is set by a statute, local rule, or court order, the last day ends [] for electronic filing, at midnight in the court's time zone."). The Court relied upon the absence of any opposition to the plaintiff's motion when granting it, but the defendant timely filed its opposition after the order granting the motion to compel was entered.

The defendant has identified a palpable defect in the Court's ruling that might have resulted in a different disposition of the plaintiff's motion, and the Court therefore will grant its motion for reconsideration.

Accordingly, it is **ORDERED** that the defendant's motion for reconsideration [dkt. #39] is **GRANTED**. The order granting the plaintiff's motion to compel [dkt. #34] is **VACATED**.

                                              s/David M. Lawson  
                                              DAVID M. LAWSON  
                                              United States District Judge

Dated: October 27, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 27, 2015.

                                        s/Susan Pinkowski
                                        SUSAN PINKOWSKI