UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NANCY MCKEE,

              Plaintiff,                           Case Number 15-10248

v.                                         Honorable David M. Lawson

NAVIENT SOLUTIONS, INC.,

              Defendant.

_____/

## ORDER DENYING MOTION TO COMPEL PRODUCTION OF DEFENDANT'S ATTORNEYS' BILLING RECORDS

Before the Court is the plaintiff's motion to compel discovery of the defendant's attorney's billing records, and the defendant's counter-motion for a protective order. The main dispute in the case has been resolved by an accepted offer of judgment tendered under Federal Rule of Civil Procedure 68, but the matter lingers due to satellite litigation over the amount of the "reasonable attorneys' fees and costs" the defendant agreed to pay via the offer of judgment.

In its fee motion, the plaintiff asks the Court to order the defendant to pay more than $185,000 in attorney fees and nearly $11,000 in costs. The defendant opposes the motion, arguing that the amount is patently unreasonable in light of the straightfoward nature of the plaintiff's individual claims and the minimal extent of the proceedings that preceded the entry of judgment. The plaintiff counters that to evaluate whether the 570 hours of attorney time she claims was appropriately spent on the case, the Court should look at the time spent by the defendant's attorneys as one measure of reasonableness. The defendant contends that disclosure of its attorneys' billing records would be inappropriate and would require it to surrender information protected by attorney-client privilege or excluded from discovery by the work-product doctrine; but if ordered to produce

those records, the lawyers should be allowed to redact privileged information.  The plaintiff responded that she does not oppose entry of the requested protective order.

In adjudicating this discovery dispute, two points come to mind.  The first is that discovery is permitted of "any nonprivileged matter that is relevant to any party's claim or defense," Fed. R. Civ. P. 26(b)(1), but it must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Ibid.*  The second is that "the determination of fees 'should not result in a second major litigation.'"  *Fox v. Vice*, 563 U.S. 826, 131 S. Ct. 2205, 2216 (2011) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

The Court's ultimate task in adjudicating the fee motion is to determine a reasonable fee, starting with the "lodestar method" — "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—to calculate presumptively reasonable fees, which may be enhanced or reduced based on other factors such as the success achieved by the attorney.  *See Hensley*, 461 U.S. at 433-35.  The amount of time expended by the opposite lawyer may or may not be helpful in assessing "the number of hours reasonably expended on the litigation" by the claimant's attorneys.  In this case, one must stretch to reach the conclusion that defense counsel's time records can provide any benchmark of reasonableness for the plaintiff's attorney's efforts on the individual claim prosecution.  Nor has the plaintiff has made any showing that the burden and expense of the discovery that she seeks would be proportional to the needs of the Court and the parties in arriving at a final resolution of the remaining issues in this case.

-2-

The record in this case is not complex or extensive.  McKee's claims described in the complaint are legally and factually straightforward.  She alleged that she received two calls from the defendant on dates in September 2014.  She charged that the defendant's placement of those calls to her cell phone number violated the Telephone Consumer Protection Act's prohibition against placing unsolicited calls using an automatic dialing system to generate and dial random telephone numbers.  *See* 42 U.S.C. § 227.  The complaint, the plaintiff's motion for attorney fees, and the affidavits attached to the fee petition are replete with extensive references to unrelated class action proceedings in which the plaintiff's attorneys also participated, which they assert resulted in settlements in favor of class plaintiffs totaling more than $33 million.  However, notwithstanding the inclusion of "class allegations" in her complaint, the plaintiff concedes that "the parties did not brief a class certification motion and Navient did not even produce any classwide discovery." Plf.'s Mot. to Compel [dkt. #33] at 7.  It is undisputed that the plaintiff never filed any motion to certify a class in this case.  And the express terms of the offer of judgment tendered payment of reasonable fees and costs for the plaintiff's individual claims only.  The plaintiff accepted that offer, and she is bound by its plain terms in seeking her satisfaction. *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 565 (6th Cir. 2004) ("[O]ffers [of judgment under Rule 68] and their acceptance involve nothing more than applying the basic principles of contract law.").

The Court finds that it would be particularly inappropriate to compel disclosure of the defendant's attorneys' detailed billing records under the circumstances, where the plaintiff's attorneys did not attach any itemization of their own claimed hours of work to their affidavits, but instead merely asserted, without elaboration, that they had spent certain aggregate numbers of hours working on the case.  The plaintiff's task, in moving for an award of fees pursuant to the accepted

-3-

offer of judgment, is to establish the nature and extent of the work done by her attorneys on the case that was attributable to the plaintiff's individual claims, and to demonstrate that the compensation requested for that work is reasonable.  The plaintiff has not demonstrated that she is lacking any information that would be needed to make that showing.

Accordingly, it is **ORDERED** that the plaintiff's motion to compel disclosure [dkt. #33] is **DENIED**.

It is further **ORDERED** that the defendant's motion for entry of a protective order [dkt. #37] is **DISMISSED** as moot.

It is further **ORDERED** that if the plaintiff desires to file a reply brief in support of her motion for attorney fees, then she must do so **on or before December 18, 2015**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 11, 2015

<div style="border:1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 11, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI

</div>